**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

**RAFAEL RAMOS-MARTINEZ,**

    **Petitioner,**

    **v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**Civil No. 06-2183 (ADC)**

## ORDER

Petitioner, Rafael Ramos-Martinez ("petitioner"), filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") (**Docket No. 1**), accompanied by a Memorandum of Law in support thereof (**Docket No. 2**) (collectively, "2255 motion"), on November 27, 2006. Petitioner seeks post-conviction relief on the basis that he received ineffective assistance of counsel. Now before the court are petitioner's objections (**Docket No. 18**) to the Report and Recommendation ("R & R") (**Docket No. 16**) issued by Magistrate-Judge Marcos E. López ("Magistrate-Judge") on January 21, 2009, which recommended the dismissal of petitioner's 2255 motion. After conducting a thorough examination of the record, the R & R and objections, the court **ADOPTS** the R & R in full. As a result, petitioner's 2255 motion is dismissed.

**I.     Standard of Review for Objections to a Report and Recommendation**

A district court may refer pending motions to a magistrate-judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); L. Cv. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within ten (10) days of being served with the report and recommendation. 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). The objections must specifically identify those findings or

recommendations to which objections are being made. "The district court need not consider frivolous, conclusive, or general objections." *Rivera-Garcia v. United States*, Civ. No. 06-1004 (PG), 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987)). Moreover, to the extent the objections amount to no more than general or conclusory objections to the report and recommendation as a whole, without specifying to which issues in the report he is objecting, or where the objections are repetitive of the arguments already made to the magistrate-judge, a *de novo* review is unwarranted. *See id.* "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.").

In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636(a)(b)(1); *see also Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo-Rodríguez v. Pfizer Pharm., Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the court may accept those portions of the report and recommendation to which the plaintiff does not object. *See Hernández-Mejías v. Gen. Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Det. Facility*, 334 F. Supp. 2d 114, 125-26 (D.R.I. 2004)).

## II. Discussion/Conclusion

After conducting a thorough review of the record, the sentencing hearing transcript, petitioner's filings, including, but not limited to, his objections, and the R & R, the court finds no reason to depart from the Magistrate-Judge's recommendations. Specifically, the court finds that petitioner's objections to the R & R are without merit for the following reasons.

Petitioner's first objection, that the R & R "misquotes the facts" of his original filing and is without merit. After reviewing the record, the court believes that the Magistrate-Judge

accurately stated, and ably discussed, petitioner's claims. Further, contrary to petitioner's arguments, the court finds no reason to believe that the affidavit submitted by petitioner during the pendency of this case was not considered by the Magistrate-Judge. Nonetheless, assuming *arguendo* that it has been overlooked, the same contains nothing that would affect the outcome reached by the Magistrate-Judge.

Petitioner's next objection is that, contrary to statements made in the R & R, and the sentencing hearing itself, petitioner did not reject the government's initial plea offer. However, this argument is belied by the record of the sentencing hearing, where it was explained by counsel that petitioner had been offered a plea deal by the government, but rejected the same. At no point during the hearing did petitioner object to counsel's recitation of the events which led to his straight plea. Petitioner also contends that counsel was ineffective because she failed to secure a plea agreement, which led him to believe that he was only going to be sentenced to ten years in prison. The court does not agree. A review of the Rule 11 hearing transcript makes it clear that petitioner knowingly and voluntarily entered a plea without a plea agreement in place and left his sentencing to the discretion of the court.

Actually, in its relevant part, the Court advised petitioner as follows:

> Q: Do you understand, Mr. Ramos, that you have no agreement with the government in respect to the determination of sentence in this case?
>
> A: Yes.
>
> Q: Do you understand that the final and exclusive authority to determine the appropriate sentence in this case rests with me as the judge in this court or such other judge as may be directed.
>
> A: Yes.

**Docket No. 16-3**, at 20.

Petitioner's other objections primarily focus on his counsel's failure to: (1) confront individuals who allegedly implicated petitioner on government recordings; and (2) consolidate petitioner's two criminal conspiracy cases. Both lack merit. As for the allegedly incriminating recordings, the same were not played during the sentencing hearing, nor was their content discussed. As the Magistrate-Judge pointed out, the only reference to the same

during the sentencing was when the government highlighted the type of discovery which had been turned over to petitioner. Moreover, even if the audio recordings had been played, petitioner has failed to put forth any evidence that counsel's failure to cross-examine the recorded individuals would have affected the outcome of the sentencing. *See United States v. Pier*, No. 03-CV-97-B, 2006 WL 387960, *7 (D. Wyo. Feb. 15, 2006) *See also United States v. Stone*, 432 F.3d 651, 654 (6th Cir. 2005) ("Crawford does not change our long-settled rule that the confrontation clause does not apply in sentencing proceedings."). As to the final objection, contrary to petitioner's averments, his counsel did not fail to bring to the court's attention the fact that petitioner had been charged in another drug conspiracy case. In fact, both petitioner and his counsel sought concurrent sentences for the two separate convictions, at which time the government explained that the two cases resulted from different conspiracies. **Docket No. 16-2**, at 10-15. Accordingly, the court was placed in a position to weigh petitioner's "overlapping" argument. As such, these objections do not support a claim for ineffective assistance of counsel.

Based upon the foregoing, the court finds that petitioner has failed to establish either prong of the *Strickland* test for ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the court **ADOPTS** the R & R in full (**Docket No. 16**), thereby **DISMISSING WITH PREJUDICE** petitioner's 2255 motion. **Docket No. 1**.

**SO ORDERED**

At San Juan, Puerto Rico, on this 28th day of May, 2009

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**